[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commission on human rights and opportunities appeals the decision of a presiding officer, appointed pursuant to General Statutes § 46a-84(b), dismissing a complaint of employment discrimination brought by John Genovesi against defendant The Metropolitan District Commission. The plaintiff commission on human rights and opportunities brought Genovesi into the appeal nominally as a defendant, but it obviously represents his interests, and his true posture in the case is that of a co-plaintiff. The presiding officer acted pursuant to § 46a-86(e). The plaintiff commission appeals pursuant to §§ 46a-94a and 4-183. The court finds the issues in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. John Genovesi was employed by The Metropolitan District Commission (MDC) in a manual labor job from 1988 until his discharge in 1990. At all times, he suffered from epilepsy. CT Page 7918
In March 1990, while on the job site, Genovesi had a seizure that rendered him unconscious. Between March 1990 and May 29, 1990, the MDC requested information from him concerning his medical condition. Although Genovesi provided some information, he did not provide the detailed information from his doctors that the MDC requested.
On May 29, 1990, Richard Ludwig, the MDC's Manager of Solid Waste, orally informed Genovesi that his employment was terminated. On May 30, 1995, Ludwig wrote Genovesi confirming the termination. In his letter, Ludwig stated: "On Tuesday, May 29, 1990, . . . I informed you that, regrettably, because of your medical condition which recently came to light as a result of your seizure in the waste processing scale house, your employment with the District was terminated."
Subsequent to his termination, Genovesi filed a complaint with the commission alleging that the MDC had discriminated against him on account of his physical disability, specifically a seizure disorder, in violation of General Statutes § 46a-60. The commission investigator found reasonable cause to believe that the MDC had committed the violation, the case was certified for hearing, and the designated presiding officer conducted the hearing during 1992 and 1993. Genovesi and employees of the MDC testified, as did other witnesses. Ludwig's letter, quoted above, was introduced in evidence along with other documentary material.
The presiding officer rendered her final decision on April 11, 1994. In her decision, the presiding officer stated that the case is controlled by the rules enunciated in McDonnell Douglas Corporation v. Green,411 U.S. 792 (1973). In that case, the Supreme Court established standards and burdens of proof where the complainant's allegation of discrimination is based only on evidence of disparate treatment, but not on direct evidence of discrimination. In a McDonnell Douglas
situation, the plaintiff has the initial burden of presenting a prima facie case sufficient to allow the inference to be drawn that unlawful discrimination occurred. If the complainant is successful, the burden CT Page 7919 then shifts to the defendant, but it is merely to articulate a legitimate, non-discriminatory reason for its action. Then the burden shifts again, back to the complainant, to prove by a preponderance of the evidence that the reason given by the defendant was false or "pretextual." In a McDonnell Douglas disparate treatment case, therefore, the complainant has the burden of persuasion throughout the proceedings. This rule applies to employment and other discrimination proceedings conducted by the commission in this state. Miko v.Commission on Human Rights and Opportunities, 220 Conn. 192,203-204 (1991).
Based on the evidence adduced at the hearing, and in accordance with the McDonnell Douglas rule, supra, the presiding officer made findings of fact and conclusions. She found that Genovesi did not prove that the MDC discharged him because of his medical condition; rather, she found that the MDC discharged him because he failed to provide sufficient documentation of what his condition was and how that condition might restrict his work activities. She then went on to find that the MDC's stated reason was legitimate and non-discriminatory. Based on those findings, the presiding officer dismissed Genovesi's complaint.
The principal basis of the commission's appeal is that the presiding officer employed the wrong standards and burdens of proof; that is, that the McDonnell Douglas
rule is inapplicable to the facts of this case. The court agrees.
As noted, the McDonnell Douglas rule applies where there is evidence of disparate treatment that reasonably gives rise to an inference of discrimination but where there is no direct evidence of discrimination. Its function is to give a complainant "his day in courtdespite the unavailability of direct evidence." (Emphasis in the original.) Miko v. CHRO, supra, 220 Conn. 205. In a case where the complainant furnishes direct evidence of overt discrimination, however, the standards and burdens of proof are markedly different. In such a case, where the complainant introduces direct evidence of prohibited discrimination, the burden shifts to the respondent to prove by a preponderance of the evidence that a CT Page 7920 legitimate, non-discriminatory reason existed at the time of the disputed action and that that reason was the actual motivating cause. Id. 205-207.
In the present case, the presiding officer had clear and direct evidence of overt discrimination; that is, that the MDC terminated Genovesi because of his physical disability. The MDC manager, Ludwig, explicitly so stated in his May 30, 1990 letter to Genovesi, quoted above, and the MDC expressly affirmed that reason in its February 3, 1992 response to Genovesi's complaint to the commission. These circumstances obligated the presiding officer to employ the "direct evidence" standards and burdens of proof outlined in Miko v. CHRO, supra, 205-207. Specifically, the presiding officer should have held the MDC to the burden of proving by a preponderance of the evidence that, at the time it discharged Genovesi, it had a legitimate and sufficient non-discriminatory reason for doing so and that such reason, standing alone, actually induced the decision to discharge him. Miko v. CHRO,
supra, 220 Conn. 207.
There is no question that the presiding officer in this case employed the wrong standards and burdens of proof in arriving at her findings of fact and conclusions of law. She expressly stated that she was following theMcDonnell Douglas rule. Since the erroneous ruling placed the burden of persuasion continuously on Genovesi, rather than on the MDC, it was plainly and substantially prejudicial to Genovesi. In accordance with General Statutes § 4-183(j), the court must sustain the appeal.
In accordance with General Statutes § 4-183(k), the case is remanded to the commission. The commission is ordered to vacate the decision dismissing Genovesi's complaint. The commission is further ordered to designate a new presiding officer to read and examine the record of the proceedings and to render a new decision, based on that record, and consistent with this decision.
MALONEY, J. CT Page 7921